UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. ____________-CIV-___________/____________

JUAN CARNIGLIA, on behalf of himself
and others similarly situated,

Plaintiff,

v.

MY CEVICHE CORAL GABLES LLC, a Florida Limited
Liability Company, a/k/a 27 ENTREPRENEURS MIRACE MILE
LLC, and ROGER DUARTE, individually,

Defendants.
_______________________________________________________/

**COMPLAINT**

1. Plaintiff, JUAN CARNIGLIA (hereinafter referred to as "Plaintiff"), is an individual residing in Miami-Dade County, Florida.

2. Defendants, MY CEVICHE CORAL GABLES LLC, a/k/a 27 ENTREPRENEURS MIRACE MILE LLC, and ROGER DUARTE, individually (collectively referred to as "Defendants"), have at all times material to this Complaint owned and operated restaurants doing business as "MY CEVICHE" at approximately six (6) locations throughout Miami-Dade County including at 232 Miracle Mile, Coral Gables, Florida 33134, within the jurisdiction of this Court.

3. Defendant, ROGER DUARTE, has at all times material to this Complaint owned and managed MY CEVICHE CORAL GABLES LLC, a/k/a 27 ENTREPRENEURS MIRACE MILE LLC, and Defendant DUARTE has regularly exercised the authority to hire and fire employees including Plaintiff, determined the manner in which Plaintiff and other employees were compensated, determined how Plaintiff and other employees' hours worked were tracked or

recorded, set the rates of pay of Plaintiff and other employees, and/or controlled the finances and day-to-day management operations of MY CEVICHE CORAL GABLES LLC, a/k/a 27 ENTREPRENEURS MIRACE MILE LLC. By virtue of such control and authority, Defendant DUARTE is an employer of Plaintiff and the other employees of MY CEVICHE CORAL GABLES LLC, a/k/a 27 ENTREPRENEURS MIRACE MILE LLC, similarly situated to Plaintiff as defined by the FLSA, 29 U.S.C. §203(d).

4. Plaintiff brings this action on behalf of himself[1] and other current and former employees of Defendants similarly situated to Plaintiff who have worked as misclassified restaurant employees, however variously titled, for unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b), as well as for alleged unpaid minimum wages due and owing to Plaintiff under the FLSA and Florida law. It is the intent of this collective action to apply to all similarly situated employees of Defendants regardless of location.

5. Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337 & §1367.

6. A substantial part of the events giving rise to this action occurred in Miami-Dade, Florida within the jurisdiction of the United States District Court for the Southern District of Florida.

7. At all times material to this Complaint including but not necessarily limited to during the years of 2016, 2017, 2018, and 2019, MY CEVICHE CORAL GABLES LLC, a/k/a 27 ENTREPRENEURS MIRACE MILE LLC, have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or

[1] Attached hereto is a signed Consent to Join of JUAN CARNIGLIA.

produced for commerce. In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint including during the years 2016, 2017, 2018, and 2019, MY CEVICHE CORAL GABLES LLC, a/k/a 27 ENTREPRENEURS MIRACE MILE LLC, have employed two (2) or more employees who, *inter alia*, have regularly: (a) handled, worked with, and sold food and beverages including but not limited to fish, shrimp, chicken tuna, vegetables—such as cucumber, tomato, onion, carrot, radish, and corn, tortillas, rice, quinoa, salsa, guacamole, salsa, sodas, juices, and iced tea; (b) handled and worked with cooking equipment such as, grills and refrigerators which were all goods and/or materials moved in or produced for commerce; (c) handled and worked with computers, telephones, papers, pens, and other supplies and materials in the operation of Defendants' restaurant business, all of which were goods and/or materials moved in or produced for commerce; and (d) processed and participated in credit card and electronic bank transactions in interstate commerce.

8. Based upon information and belief, the annual gross sales volume of MY CEVICHE CORAL GABLES LLC, a/k/a 27 ENTREPRENEURS MIRACE MILE LLC, has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2016, 2017, 2018, and 2019.

9. At all times material to this Complaint, including but not necessarily limited to during the years of 2016, 2017, 2018, and 2019, MY CEVICHE CORAL GABLES LLC, a/k/a 27 ENTREPRENEURS MIRACE MILE LLC, has constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

10. In approximately late July 2019, Defendants hired Plaintiff in the job title of "Assistant General Manager" based upon salary of $692.31 per week ($36,000/year) until early September 2019 when Defendants changed Plaintiff's compensation to $711.54 per week

($37,000/year), followed by Defendants changing Plaintiff's compensation a final time in early October 2019 to $807.70 per week ($42,000/year). Likewise, during approximately the last two (2) weeks of Plaintiff's employment with Defendants between late October 2019 and early November 2019, Defendants changed Plaintiff's job title to "General Manager."

11. In numerous work weeks during the three (3) year statute of limitations period between approximately July 2019 and November 2019, Plaintiff worked for Defendants at their "MY CEVICHE" restaurant location 232 Miracle Mile, Coral Gables, Florida 33134 in the job titles of "Assistant General Manager" followed by "General Manager" with Plaintiff's primary duties throughout his employment that consisted of the following non-exempt tasks: (a) cooking; (b) line work, expediting food, and assisting customers including running the register; (c) dishwashing, mopping, and cleaning the restaurant; and (c) painting, roof work, and making other repairs for Defendants' restaurant.

12. The additional persons who may become Plaintiffs in this action are Defendants' current and former misclassified salaried "Assistant General Managers," "General Managers, and other restaurant employees, however variously titled, who have worked for Defendants at any location in one or more weeks between November 2016 and the present without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week for Defendants.

13. During numerous work weeks within the three (3) year statute of limitations period between approximately July 2019 and November 2019, Plaintiff regularly worked in excess of Forty (40) hours per week for Defendants while performing primary duties were non-exempt for the benefit of Defendants.

14. Likewise, the other employees of Defendants who are similarly situated to Plaintiff have regularly worked as salaried "Assistant General Managers," "General Managers, and other restaurant employees, however, variously titled, in excess of Forty (40) hours in one or more work weeks for Defendants within the three (3) year statute of limitations period between November 2016 and the present.

15. However, Defendants have failed to pay time and one-half wages for the overtime hours worked by Plaintiff and the other similarly situated salaried "Assistant General Managers," "General Managers, and other restaurant employees, however variously titled, for all of their actual overtime hours worked during multiple work weeks within the three (3) year statute of limitations period between November 2016 and the present.

16. The primary job duties performed by Plaintiff and the other similarly situated salaried "Assistant General Managers," "General Managers, and other restaurant employees, however variously titled, for Defendants between November 2016 and the present *did not* involve the exercise of independent judgment nor were their primary duties administrative tasks that involved exercising discretion for Defendants' general business operations.

17. Likewise, the primary duties and work performed by Plaintiff and the other similarly situated salaried "Assistant General Managers," "General Managers, and other restaurant employees, however variously titled, for Defendants between November 2016 and the present have required little skill and no capital investment, as these duties *did not* substantially include managerial responsibilities or the exercise of independent judgment with respect to matters of significance in the operation of Defendants' administrative operations.

18. Instead, Plaintiff and the other similarly situated salaried "Assistant General Managers," "General Managers, and other restaurant employees, however variously titled, have

devoted the majority of their working time for Defendants within the three (3) year statute of limitations period between November 2016 and the present to performing manual labor and other ministerial and clerical tasks for Defendants.

19. Finally, the primary duties of Plaintiff and the other similarly situated salaried "Assistant General Managers," "General Managers, and other restaurant employees, however variously titled, for Defendants during the three (3) year statute of limitations period between November 2016 and the present *was not* management of any department(s) or job sites of Defendants, and Plaintiff and the other similarly situated employees exercised little or no authority for and did not regularly interview, hire, discipline, or fire employees of Defendants.

20. During the three (3) year statute of limitations period between approximately July 2019 and November 2019, Plaintiff regularly worked Five (5) days per week—and in some weeks Six (6) days per week—for Defendants, with start times of between approximately 10:00 and 11:30 a.m. and stop times between approximately 10:00 p.m. to Midnight.

21. However, Defendants failed to pay time and one-half wages for all of the hours that Plaintiff and salaried "Assistant General Managers," "General Managers, and other restaurant employees, however variously titled, worked in excess of Forty (40) hours per week in numerous work weeks during the three (3) year statute of limitations period between November 2016 and the present as required by the Fair Labor Standards Act.

22. Subject to discovery, based upon Defendants paying Plaintiff average gross weekly wages of $692.31 per week for Forty (40) hours of work per week followed by $711.54 per week and $807.70 per week during a total of approximately Fourteen (14) work weeks between approximately July 2019 and November 2019 and Plaintiff working an average of approximately Sixty-Five (65) hours per week, if Plaintiff's unpaid overtime wages are found to be due and owing

at the time and one-half rates of $25.96/hour [$692.31/40 hours = $17.31/hour x 1.5 = $25.96/hour], $26.68/hour [$711.54/40 hours = $17.79/hour x 1.5 = $26.68/hour], and $30.29/hour [$807.70/40 hours = $20.19/hour x 1.5 = $30.29/hour], Plaintiff's unpaid overtime wages total $9,609.42 [($25.96/hour x 25 OT hours/week x 5 weeks = $3,245.20) + ($26.68/hour x 25 OT hours/week x 5 weeks = $3,335.34) + ($30.29/hour x 25 OT hours/week x 4 weeks = $3,028.88) = $9,609.42], whereas if Defendants were to be able to demonstrate that the FLSA's "fluctuating workweek method," 29 C.F.R. §778.114, governs the calculation of Plaintiff's unpaid overtime wages on a half-time basis at the rates of $5.33/hour [$692.31/65 hours = $10.65/2 = $5.33/hour], $5.47/hour [$711.54/65 hours = $10.95/2 = $5.47/hour], and $30.29/hour [$807.70/65 hours = $12.43/2 = $6.21/hour], Plaintiff's unpaid overtime wages total $1,971.16 [($5.33/hour x 25 OT hours/week x 5 weeks = $665.68) + ($5.47/hour x 25 OT hours/week x 5 weeks = $684.17) + ($6.21/hour x 25 OT hours/week x 4 weeks = $621.31) = $1,971.16].

23. Based upon information and belief, Defendants have failed to maintain accurate records of the all of the actual start times, stop times, number of hours worked each day, and total hours actually worked each week by Plaintiff and salaried "Assistant General Managers," "General Managers," and other restaurant employees, however variously titled, during each week between approximately November 2016 and the present as required by the FLSA, 29 C.F.R. §516.2(a)(7).

24. Defendants had knowledge of the hours worked in excess of Forty (40) hours per week by Plaintiff and salaried "Assistant General Managers," "General Managers," and other restaurant employees, however variously titled, during each week between November 2016 and the present but Defendants have willfully failed to compensate Plaintiff and the other similarly situated employees for all of their actual overtime hours worked for Defendants, instead accepting the benefits of the work performed by Plaintiff and other employees without the overtime

compensation required by the FLSA, 29 U.S.C. §207.

25. The complete records reflecting the compensation paid by Defendants to Plaintiff and all other salaried "Assistant General Managers," "General Managers," and other restaurant employees, however variously titled, at any location between November 2016 and the present are in the possession, custody, and/or control of Defendants.

**COUNT I**
**OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

26. Plaintiff, JUAN CARNIGLIA, readopts and realleges the allegations contained in Paragraphs 1 through 25 above.

27. Plaintiff is entitled to be paid time and one-half of his applicable regular rates of pay for each hour he worked for Defendants as a non-exempt employee in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately July 2019 and November 2019.

28. All similarly situated salaried "Assistant General Managers," "General Managers," and other restaurant employees, however variously titled, of Defendants are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they worked for Defendants at any location but were not properly compensated for working on Defendants' behalf during any work weeks within the three (3) year statute of limitations period between November 2016 and the present.

29. Defendants knowingly and willfully failed to pay Plaintiff and salaried "Assistant General Managers," "General Managers," and other restaurant employees, however variously titled, similarly situated to him at time and one-half of their applicable regular rates of pay for all hours worked for Defendants in excess of Forty (40) per week between November 2016 and the present.

30. At all times material to this Complaint, Defendants had constructive and actual notice that Defendants' compensation practices did not provide Plaintiff and salaried "Assistant General Managers," "General Managers," and other restaurant employees, however variously titled, with time and one-half wages for all of their actual overtime hours worked between November 2016 and the present based upon, *inter alia*, Defendants knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated employees.

31. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

32. Based upon information and belief, at all times material to this Complaint, Defendants did not have a good faith basis for their failure to pay time and one-half wages for all of the actual hours worked by Plaintiff and salaried "Assistant General Managers," "General Managers," and other restaurant employees, however variously titled, as a result of which Plaintiff and those similarly situated to him are entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

33. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

34. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, JUAN CARNIGLIA, and any current or former employees similarly situated to him who join this action as Opt-In Plaintiffs, demand judgment against Defendants, jointly and severally, MY CEVICHE CORAL GABLES LLC, a/k/a 27

ENTREPRENEURS MIRACE MILE LLC, and ROGER DUARTE, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

**COUNT II**
**MINIMUM WAGE VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

Plaintiff, JUAN CARNIGLIA, readopts and realleges the allegations contained in Paragraphs 1 through 25 above.

35. Plaintiff is entitled to the minimum wage of $7.25 per hour required by the Fair Labor Standards Act for every hour he worked for Defendants as a non-exempt employee week within the three (3) year statute of limitations period between approximately July 2019 and November 2019.

36. However, Defendants failed to pay Plaintiff at least the minimum wage required by the law for each and every hour he worked for Defendants during his final week of work between approximately late October 2019 and early November 2019.

37. At all times material to this Complaint, Defendants had knowledge that Plaintiff performed work for the benefit of Defendants between approximately late October 2010 and early November 2019 without compensation at the minimum wage required by the FLSA.

38. Defendants knowingly and willfully failed to pay Plaintiff at least the minimum wage required by the FLSA for all of his actual hours worked for Defendants during his final week of work between approximately late October 2019 and early November 2019.

39. By reason of Defendants' intentional, willful and unlawful act, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

40. Defendants did not have a good faith basis for their failure to pay Plaintiff the minimum wages required by the FLSA, as a result of which Plaintiff is entitled to the recovery of

liquidated damages in an amount equal to his unpaid minimum wages from Defendants pursuant to 29 U.S.C. §216(b).

41. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

42. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, JUAN CARNIGLIA, demands judgment, jointly and severally, against MY CEVICHE CORAL GABLES LLC, a/k/a 27 ENTREPRENEURS MIRACE MILE LLC, and ROGER DUARTE, for the payment of all unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

**COUNT III**
**VIOLATION OF THE FLORIDA CONSTITUTION, ART. X, § 24 – MINIMUM WAGES**

Plaintiff, JUAN CARNIGLIA, realleges and reincorporate all allegations contained within Paragraphs 1 through 25 above as though fully stated herein.

43. Plaintiffs is entitled to be paid the minimum wage required under Florida law of $8.46 per hour for each hour worked during his employment with Defendants between approximately July 2019 and November 2019.

44. However, Defendants willfully failed to pay Plaintiff the minimum wage for one or more weeks of work during his employment between approximately July 2019 and November 2019 contrary to Article X, Section 24 of the Florida Constitution.

45. At all times material to this Complaint, Defendants had knowledge that Plaintiff performed work for the benefit of Defendants between approximately July 2019 and November 2019 without compensation at the minimum wage required by Florida law.

46. Subject to discovery, based upon Defendants owing Plaintiff $8.46 per hour for

approximately Sixty-Five (65) hours of work for which Plaintiff was not compensated at all during his final week of work with Defendants between approximately late October 2019 and early November 2019, Plaintiff's unpaid minimum wages total approximately $549.90 [$8.46/hour x 65 hours = $549.90].

47. By reason of Defendants' intentional, willful and unlawful act, all Plaintiffs (the named Plaintiff and those employees similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

48. Defendants did not have a good faith basis for their failure to pay at least the minimum wage required by Florida law for all of the actual hours worked by Plaintiff, as a result of which Plaintiff is entitled to the recovery of liquidated damages in an amount equal to his unpaid minimum wages from Defendants.

49. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to Florida law, including but not necessarily limited to F.S. §448.08, Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs.

50. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, JUAN CARNIGLIA, demands judgment, jointly and severally, against Defendants, MY CEVICHE CORAL GABLES LLC, a/k/a 27 ENTREPRENEURS MIRACE MILE LLC, and ROGER DUARTE, for the payment of all unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Dated: November 26, 2019

Respectfully submitted,

By: **KEITH M. STERN**

Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail: employlaw@keithstern.com
LAW OFFICE OF KEITH M. STERN, P.A.
80 S.W. 8th Street, Suite 2000
Miami, Florida 33130
Telephone: (305) 901-1379
Attorneys for Plaintiff

**CONSENT TO JOIN FORM**

1. I consent to be a party plaintiff in a lawsuit against Defendants, **My Ceviche Coral Gables LLC, a/k/a 27 Entrepreneurs Miracle Mile LLC, and Roger Duarte**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2. I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any settlement approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendants, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

juan carniglia

Juan Carniglia